**STOCK PURCHASE AGREEMENT** (the "Agreement"), entered into on June 26, 2018, effective as of November 1, 2017 (the "Effective Date"), by and between **SAMI OMAR** (the "Seller") and **SHARIF OMAR** (the "Buyer").

## RECITALS

**WHEREAS**, **LIPTIS PHARMACEUTICALS USA INC.** is a corporation duly formed and existing pursuant to the laws of the State of New York (the "Company");

**WHEREAS**, the Seller is the owner of one (1) share of the common stock of the Company, which represents 1% of the issued and outstanding common stock of the Company (the "Shares");

**WHEREAS**, exclusive of the Shares, the Buyer and his family collectively own 99 shares of the common stock of the Company, which represent 99% of the issued and outstanding common stock of the Company; and

**WHEREAS**, the Seller desires to sell to the Buyer, and the Buyer desires to purchase from the Seller, the Shares.

**NOW, THEREFORE**, in consideration of the foregoing premises and the mutual agreements hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto do hereby agree as follows:

1.    **Sale of Shares**.

(a)    For and in consideration of the Purchase Price (as hereinafter defined), effective as of the Effective Date, the Seller hereby sells, conveys, assigns, transfers and delivers to the Buyer, and the Buyer hereby purchases and acquires from the Seller, the Shares, free and clear of all Liens (as defined herein).

(b)    The consideration for the Shares is Two Thousand Two Hundred Seventy-Three Dollars ($2,273.00) (the "Purchase Price"). The Seller acknowledges and agrees that the Purchase Price was previously paid by the Buyer to the Seller as a result of the Seller's charging of an amount equal to the Purchase Price, for personal purposes, on a corporate credit card of the Company.

(c)    At the Closing, the Seller shall deliver to the Buyer the stock certificate(s) evidencing the Shares, if any exist, free and clear of all Liens, duly endorsed in blank or accompanied by stock powers or other instruments of transfer duly executed in blank, or if no such stock certificate(s) exist, an affidavit from the Seller attesting to his ownership of the Shares and the loss of the certificate(s) evidencing the Shares, in a form satisfactory to the Buyer.

2.    **Closing**. The closing provided for herein (the "Closing") shall take place on June 21, 2018 (the "Closing Date"), at the offices of Certilman Balin Adler & Hyman, LLP, 90

Merrick Avenue, East Meadow, New York 11554, or remotely by the exchange of signature pages by email and telecopy.

3.    **Resignation**.    Sami hereby resigns as an officer of the Company effective immediately and agrees that he shall not in the future ever serve as an officer or director of the Company.

4.    **Representations of Seller**.    The Seller represents and warrants to the Buyer as follows (the Seller acknowledges and agrees that the following representations and warranties are a material inducement to the Buyer's entering into this Agreement).

(a)    **Ownership of Shares**.    The Seller is the sole record and beneficial owner of the Shares, free and clear of all liens, pledges, security interests, encumbrances, restrictions, subscriptions, hypothecations, charges and claims of any kind whatsoever (collectively, "Liens"). The Seller has the absolute and unqualified right to transfer the Shares to the Buyer pursuant to the terms of this Agreement and the organizational documents of the Company. The Shares represent 1% of the issued and outstanding capital of the Company. There are no outstanding or authorized options, warrants, convertible securities or other rights, agreements, arrangements or commitments of any character relating to the Shares.  All of the Shares were issued in compliance with applicable laws. None of the Shares were issued or transferred to the Seller in violation of any agreement, arrangement or commitment to which the Seller or the Company is a party. The transfer of the Shares is not subject to the transfer of any right of first refusal, preemptive right or similar right of any person or entity.

(b)    **Consents**.    No consent of any governmental or other regulatory agency, or of any other person or entity, is required to be received by or on the part of the Seller to enable him to enter into and carry out this Agreement and the transactions contemplated hereby.

(c)    **Authority; Binding Nature of Agreement**.    The Seller has the power to enter into this Agreement and to carry out his obligations hereunder.  This Agreement constitutes the valid and binding obligation of the Seller and is enforceable in accordance with its terms.

(d)    **No Breach**.    Neither the execution and delivery of this Agreement, nor compliance by the Seller with any of the provisions hereof, nor the consummation of the transactions contemplated hereby, will:

(i)    result in the creation of any Lien upon the Shares;

(ii)    violate any judgment, order, injunction, decree or award against, or binding upon, the Seller or the Shares;

(iii)    violate or otherwise breach the terms of any agreement or understanding, written or oral, to which the Seller is a party or is otherwise bound; or

(iv)    violate any law or regulation of any jurisdiction relating to the Seller.

2

6633581.1

5.    **Survival of Representations**.  The representations and warranties of the Seller contained in this Agreement shall survive the execution and delivery hereof.

6.    **Amendment**.  Neither this Agreement nor any term or provision hereof may be changed, waived, discharged, or terminated orally, or in any manner other than by an instrument in writing signed by both parties.

7.    **Binding Effect**.  This Agreement shall be binding upon and inure to the benefit of the respective parties and their successors, assigns, heirs and personal representatives.

8.    **Counterparts; Signatures**.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original.  Signatures transmitted herein via facsimile or other electronic image shall be deemed original signatures.

9.    **Entire Agreement**.  This Agreement constitutes the entire understanding between the parties with respect to its subject matter and supersedes any previous written or oral agreement with respect thereto. The parties hereto acknowledge and agree that no review, examination or investigation made by the Buyer or any of his representatives shall limit or affect any representation or warranty made by the Seller in, or otherwise relieve the Seller from any liability under, this Agreement.

10.    **Governing Law**.  This Agreement is made under and shall be construed in accordance with the laws of the State of New York, excluding choice of law principles thereof.

11.    **Notices**.  Any and all notices or other communications or deliveries required or permitted to be given or made pursuant to any of the provisions of this Agreement shall be deemed to have been duly given or made for all purposes when hand delivered or sent by certified or registered mail (return receipt requested and postage prepaid), Federal Express or courier as follows:

If to the Seller, at:

Sami Omar
2747 Paradise Road, Unit 3103
Las Vegas, NV 89109

If to the Buyer, at:

Sharif Omar
430 East 86th Street, Apt. 15F
New York, New York 10028

6633581.1

With a copy to:

Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue – 9th Floor
East Meadow, New York 11554
Attention: Fred Skolnik, Esq.

     12.   **Representation by Counsel; Interpretation**.  Each party acknowledges that he has been represented by counsel, or has been afforded the opportunity to be represented by counsel, in connection with this Agreement and the transactions contemplated hereby. Accordingly, any rule of law or any legal decision that would require the interpretation of any claimed ambiguities in this Agreement against the party that drafted it has no application and is expressly waived by the parties.  The provisions of this Agreement shall be interpreted in a reasonable manner to give effect to the intent of the parties hereto.

     13.   **Construction**.  The headings or captions in this Agreement are for convenience of reference only and do not in any way modify, interpret or construe the intent of the parties or affect any of the provisions of this Agreement.  Words and phrases used herein in the singular shall be deemed to include the plural and vice versa, and nouns and pronouns used in any particular gender shall be deemed to include any other gender, unless the context requires otherwise.  The words "include," "includes" and "including" shall be deemed to be followed by the words "without limitation".

     14.   **Further Assurances**.  Following the Closing, the Seller shall, and shall cause his affiliates to, execute and deliver such additional documents, instruments, conveyances and assurances, and take such further actions as may be reasonably required to carry out the provisions hereof and give effect to the transactions contemplated by this Agreement.

     15.   **No Waiver**.  Nothing in this Agreement shall be deemed or constitute a waiver of any rights that the Buyer and/or any of his affiliates may have against the Seller and/or any of his affiliates with respect to any matter that is not expressly provided for in this Agreement.

     16.   **Signatures**.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original.  Signatures hereon which are transmitted via facsimile or other electronic image (e.g. PDF) shall be deemed original signatures.

[**Remainder of page intentionally left blank.  Signature page follows.**]

**IN WITNESS WHEREOF**, the parties have duly executed this Agreement as of the date first above written.

**SELLER:**

_____
Sami Omar

**BUYER:**

_____
Sharif Omar

STATE OF _Nevada_ , COUNTY OF _Clark_ , ss:

On the 26 day of June in the year 2018, before me, the undersigned, personally appeared Sami Omar, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.



JUANITA MASSA
Notary Public, State of Nevada
Appointment No. 09-10470-1
My Appt. Expires Jul 7, 2021

_____
Notary Public

STATE OF _New York_ , COUNTY OF _Nassau_ , ss:

On the 5th day of ~~June~~ July in the year 2018, before me, the undersigned, personally appeared Sharif Omar, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

TINA LEBLOND GRAF
Notary Public, State of New York
No. 01LE6010616
Qualified in Suffolk County
Commission Expires July 20, 2018

6633581.1