# EXHIBIT A

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| OMAR HOLDING CORP., | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| SAMI OMAR | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Sami Omar
3140 Saint Rose Parkway, Unit 1233
Henderson, Nevada 89052

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Annie Kubic, Esq.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____7/10/2019_____          _____/S/ P. NEPTUNE_____
                                                                *Signature of Clerk or Deputy Clerk*



AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

OMAR HOLDING CORP.,

                                    Plaintiff,

                                                            Case No: 19-CV-____

        - against –

SAMI OMAR,                                              **VERIFIED COMPLAINT**

                                    Defendant.

-----------------------------------------------------------------------x

      Plaintiff Omar Holding Corp. ("Omar Holding"), by and through its attorneys Westerman

Ball Ederer Miller Zucker & Sharfstein LLP, as and for its verified complaint against defendant

Sami Omar ("Sami"), hereby alleges as follows:

## NATURE OF THE ACTION

1.     Omar Holding brings this action to enforce the terms of a promissory note in

order to recover from Sami an amount in excess of $9 million. Material events of default have

occurred and continue, including Sami's failure to make monthly payments in accordance with

the terms of the promissory note. Despite due notice and demand, Sami has failed to pay Omar

Holding the total indebtedness due and owing.

2.     Omar Holding, therefore, is entitled to a judgment against Sami in an amount

equal to the total amount of Sami's indebtedness to Omar Holding, which, as of June 5, 2019,

totaled $9,063,437.24 (inclusive of outstanding principal, accrued interest and late fees), plus

default interest, attorneys' fees, disbursements and other expenses incurred in connection with

this action.

## THE PARTIES

3.     Plaintiff Omar Holding is a New York corporation with its principal place of

business located at 110 Red Schoolhouse Road, Spring Valley, New York 10977.

4.     Upon information and belief, defendant Sami is an individual residing at 3140 Saint Rose Parkway, Unit 1233, Henderson, Nevada 89052.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states.

6.     Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Omar Holding's claims occurred in this District.

7.     Venue is also proper under the promissory note at issue, pursuant to which Sami submitted to the "nonexclusive jurisdiction of any court within New York State sitting in New York County (and any county in New York State where any portion of the Mortgaged Property is situated) …"

## FACTS COMMON TO ALL CAUSES OF ACTION

### I.     The Note

8.     Omar Holding is the lender under a Note entered into on or about July 29, 2015 by and between Sami, as borrower and maker, and Omar Holding, as lender and payee (the "Note"). A copy of the Note is annexed as Exhibit 1.

9.     The Note provides that Sami will pay to Omar Holding the principal sum of $9,141,515.43 (the "Principal Amount"). *See* Ex. 1 at 1.

10.     Pursuant to the Note, Sami agreed to pay interest on the Principal Amount at the rate of four and ninety-five hundredths percent (4.95%), calculated and applied based upon a 360-day year for the actual number of days elapsed. *Id.* at ¶ 1.

11.     Sami also agreed:

2

> Commencing on September 1, 2015, and monthly thereafter on the
> first (1st) day of each month to and including [August 1, 2035],
> [Sami] shall make constant monthly payments in the sum of
> $60,077.74, to be applied first to the payment of interest at the
> Interest Rate ... and the balance in reduction of principal (based
> upon a twenty (20) year amortization schedule).

*Id.*

12.     The Note provides that (i) in the event of any default by Sami of his obligations

thereunder, or (ii) if the Principal Amount is declared immediately due and payable by Omar

Holding, then Sami "shall pay interest on the Principal Amount then outstanding from the date of

such declaration ... until the date on which the Principal Amount then outstanding is paid in full

at a per annum rate equal to twenty-four (24%) percent." *Id.* at ¶ 4.

13.     The Note further provides that "[i]f any monthly payment is not paid on the date

on which it is due, [Sami] shall pay to [Omar Holding] upon demand, an amount equal to five

(5%) percent of such unpaid payment ..." *Id.* at ¶ 3.

14.     Further, Sami expressly and unconditionally waived any and every right he may

have to interpose any counterclaim in connection with any suit, action or proceeding brought by

Omar Holding on the Note. *Id.* at ¶ 12.

15.     Finally, Sami agreed to pay "all costs of collection or attempting to collect the

amount of th[e] Note, including reasonable attorneys' fees and expenses." *Id.* at ¶ 8.

## II.     The General Release

16.     Pursuant to a certain General Release by and between Sami and Omar Holding

(among others), dated June 26, 2018, Sami released and discharged Omar Holding:

> from all actions, causes of action, suits, debts, sues, sums of
> money, accounts, reckonings, bonds, bills, specialties, covenants,
> contracts,   controversies,   agreements,   promises,   variances,
> trespasses, damages, judgments, extents, executions, claims and
> demands whatsoever, in law, admiralty or equity which [Sami] ...
> ever had, now ha[s] or hereafter can, shall or may have, for, upon,

3

> or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of th[e] General Release.

A copy of the General Release is annexed as Exhibit 2.

**III.     Sami is in Default Under the Note**

17.     Sami defaulted under the Note by failing to make monthly payments of the Principal Amount and interest due and owing under the Note since December 2017.

18.     The total amount due and owing under the Note is $9,063,437.24 (inclusive of the unpaid Principal Amount in the amount of $8,479,025.08, plus interest at the rate of 4.95% through June 5, 2019 in the amount of $580,214.86, plus $4,197.30 in late fees at the rate of 5% for 17 months), plus default interest and additional late fees, which continue to accrue, together with costs, attorneys' fees and expenses.

19.     By letter dated June 5, 2019, Omar Holding sent to Sami a Notice of Default and Acceleration, and Demand for Payment,(the "Notice") whereby Omar Holding (a) accelerated the full indebtedness due and owing under the Note, and (b) demanded repayment by June 13, 2019. A copy of the Notice is attached as Exhibit 3.

20.     Despite due demand, Sami has failed to repay any of the indebtedness due and owing to Omar Holding.

21.     Omar Holding is the owner and holder of the Note.

22.     The Note remains in full force and effect.

**CAUSE OF ACTION**
**(Breach of Contract)**

23.     Omar Holding repeats and reallages the allegations set forth in paragraphs "1" through "22" above, as if fully set forth herein.

24.     The Note is a valid and binding contract.

25.     Omar Holding duly and timely performed all of its obligations under the Note and

4

complied with all conditions precedent contained in the Note, if any, including, but not limited to, sending the Notice.

26.     As set forth above, Sami breached the Note and defaulted thereunder as a result of his failure to make timely payments thereon in accordance with its terms.

27.     As a direct and proximate result, Omar Holding has suffered harm in the amount of $9,063,437.24, as of June 5, 2019, plus default interest at the rate of 24% and late fees at the rate of 5%, which continue to accrue from June 6, 2019, together with costs, attorneys' fees, disbursements and other expenses incurred in this action.

**WHEREFORE**, Omar Holding demands judgment in its favor and against Sami as follows:

> (a)     on its first cause of action, for an award of damages against defendant Sami Omar in the amount of $9,063,437.24 (as of June 5, 2019), plus default interest at the rate of 24% and late fees at the rate of 5%, which continue to accrue from June 6, 2019, plus, attorneys' fees, disbursements and other expenses incurred by Omar Holding in this action; and

> (b)     for such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
       July 8, 2019

WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP

By:     _Philip J. Campisi, Jr., Esq._
        Philip J. Campisi, Jr., Esq.
        Annie P. Kubic, Esq.
        1201 RXR Plaza
        Uniondale, New York 11556
        (516) 622-9200
        *Counsel for Plaintiff Omar Holding Corp.*

5

**VERIFICATION**

STATE OF NEW YORK )
                         ) SS.:
COUNTY OF NEW YORK )

      Sharif Omar, being duly sworn, hereby states, under penalties of perjury, as follows:

      I am an ___President___ of Plaintiff. I have read the foregoing Verified Complaint,

know the contents thereof and the same are true to my knowledge, except those matters therein

which are stated to be alleged on information and belief and as to those matters, I believe them to

be true.

                                              _____
                                             SHARIF OMAR

Sworn to before me this
_2_ day of July, 2019

_____
Notary Public

                                     ALAN L SOLMAN
                         NOTARY PUBLIC-STATE OF NEW YORK
                            No. 01SO6385139
                         Qualified in New York County
                   My Commission Expires 12-24-2022

# EXHIBIT 1

## NOTE

$9,141,515.43

East Meadow, New York
July 29, 2015

**FOR VALUE RECEIVED**, the undersigned, **SAMI OMAR**, having an office at 2747 Paradise Road, Unit 3103, Las Vegas, NV 89109 (the **"Maker"**) hereby promises to pay to the order of **OMAR HOLDING CORP.** or to its successors or assigns (the **"Payee"**), at 1600 Westchester Avenue, Bronx, New York or at such other place as Payee may designate to Maker from time to time in writing, the principal amount of **NINE MILLION ONE HUNDRED FORTY ONE THOUSAND FIVE HUNDRED FIFTEEN AND 43/100 ($9,141,515.43) DOLLARS** (the **"Principal Amount"**), in legal tender of the United States, on August 1, 2035 (the **"Maturity Date"**), together with all accrued and unpaid interest thereon.

1. This Note shall bear interest at the rate of four and ninety-five hundredths **(4.95%) percent per annum** (the **"Interest Rate"**). Commencing on September 1, 2015, and monthly thereafter on the first (1st) day of each month to and including the Maturity Date, Maker shall make constant monthly payments in the sum of $60,077.74, to be applied first to the payment of interest at the Interest Rate (interest hereunder shall be calculated and applied based upon a 360-day year for the actual number of days elapsed) and the balance in reduction of principal (based upon a twenty (20) year amortization schedule). The outstanding balance of the Principal Amount remaining unpaid shall become due and payable with any accrued interest on the Maturity Date.

2. Time is of the essence as to all payment dates set forth herein. The payments are due on the first (1st) day of each month, provided, however, that whenever any payment is to be made under this Note shall be stated to be due on a Saturday, Sunday, or a public holiday or the equivalent for banks generally under the applicable federal law and if no applicable federal law exists, then the applicable state law (any other day being a **"Business Day"**), such payment may be made on the next succeeding Business Day.

3. If any monthly payment is not paid on the date on which it is due, Maker shall pay to Payee upon demand, an amount equal to five (5%) percent of such unpaid payment to defray the expense incurred by Payee in handling and processing such delinquent payment and such amount shall be deemed to be secured by the Mortgage (as defined herein).

4. In the event of (i) any default by Maker in its obligations under this Note and/or any of the documents securing payment of the Principal Amount, (ii) if the Principal Amount is declared immediately due and payable by Payee pursuant to the provisions of this Note, or (iii) if the Principal Amount then remaining unpaid is not paid in full on the Maturity Date, THEN in addition to any late payment charge which may be due under this Note, Maker shall thereafter pay interest on the Principal Amount then outstanding from the date of such declaration or from the Maturity Date, as the case may be, until the date on which the Principal Amount then outstanding is paid in full at a per annum rate equal to twenty-four (24.00%) percent (the

"Default Rate"); provided, however, that such rate shall in no event exceed the maximum rate which Maker may by law pay.

5.    This Note is subject to the express condition that at no time shall Maker be obligated or required to pay interest on the Principal Amount due hereunder at a rate which could subject Payee to either civil or criminal liability as a result of being in excess of the maximum interest rate which Maker is permitted by law to contract or agree to pay. If by the terms of this Note Maker is at any time required or obligated to pay interest on the Principal Amount due hereunder at a rate in excess of such maximum rate, the rate of interest under this Note and/or the Mortgage shall be deemed to be immediately reduced to such maximum rate and all previous payments in excess of the maximum rate shall be deemed to have been payments toward the reduction of principal and not to the interest due hereunder.

6.    This Note shall be the joint and several obligation of all makers, sureties, guarantors and endorsers, and shall be binding upon them and their successors and assigns.

7.    No provision in this Note shall require the payment, or permit the collection of, interest in excess of the maximum amount permitted by law. Maker shall not be obligated to pay any interest in excess of such maximum amount. Any interest paid by Maker in excess of the maximum legal rate of interest shall be retained by Payee as additional cash collateral for repayment of the Principal Amount.

8.    In the event the Principal Amount or any part thereof shall be collected at law or in equity, or in bankruptcy, receivership or any other court proceedings (whether at trial or at the appellate level) or in the event this Note shall be placed in the hands of attorneys for collection upon default, Maker shall pay, in addition to other items provided hereunder, all costs of collection or attempting to collect the amount of this Note, including reasonable attorneys' fees and expenses.

9.    All parties to this Note, whether Maker, principal, surety, guarantor or endorser, hereby waive presentment for payment, demand, protest, notice of protest, notice of dishonor and all other notices in connection with this Note.

10.    This Note may not be changed, extended or modified nor may any term or provision hereof be waived, except by an instrument in writing by Maker and Payee.

11.    Payee shall be entitled to assign all or any portion of its interest in this Note and/or the Mortgage at its sole discretion without notice to Maker, provided that Maker shall continue to make payments required hereunder to Payee until it has received notice of change of address for payments as provided herein.

12.    Maker hereby expressly and unconditionally waives, in connection with any suit, action or proceeding brought by Payee on this Note, any and every right it may have to (i) injunctive relief, (ii) a trial by jury, (iii) interpose any counterclaim therein and (iv) have the same consolidated with any other or separate suit, action or proceeding. Nothing herein contained

shall prevent or prohibit Maker from instituting or maintaining a separate action against Payee with respect to any asserted claim.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

5159198.1

13.     This Note and the rights and obligations of the parties hereunder shall in all respects be governed by, and construed and enforced in accordance with, the laws of the State of New York (without giving effect to New York's principles of conflicts of law). Maker hereby irrevocably submits to the nonexclusive jurisdiction of any court within New York State sitting in New York County (and any county in New York State where any portion of the Mortgaged Property is situated) over any suit, action or proceeding arising out of or relating to this Note, and Maker hereby agrees and consents that, in addition to any methods of service of process provided for under applicable law, all service of process in any such suit, action or proceeding brought in any such court in New York State having jurisdiction may be made by certified or registered mail, return receipt requested, directed to Maker at the address indicated above, and service so made shall be complete five (5) business days after the same shall have been so mailed.

**SAMI OMAR**

# EXHIBIT 2

## GENERAL RELEASE

TO ALL WHOM THESE PRESENTS SHALL COME OR MAY CONCERN:

Know that SAMI OMAR (the "RELEASOR"), in consideration of the sum of TEN DOLLARS ($10.00) and other good and valuable consideration received from the RELEASEES (as defined herein), receipt whereof is hereby acknowledged, releases and discharges SHARIF OMAR, MAHA OMAR, ADAM OMAR, SOMMER OMAR, JOSEF OMAR AND ZACARY OMAR (collectively, the "OMAR RELEASEES") AND ANY AND ALL ENTITIES IN WHICH THE OMAR RELEASEES, OR ANY OF THEM, HAVE OR EVER HAD AN INTEREST, INCLUDING, WITHOUT LIMITATION, LIPTIS PHARMACEUTICALS USA, INC., LIPTIS HOLDINGS, LLC, API INTERNATIONAL GROUP, LLC, NEW LIFE HOLDING CORP., OMAR HOLDING CORP., OMAR MANAGEMENT CONSULTING CORP., MKS SERVICES INC., LIPTIS SWITZERLAND, SA, LIPTIS NUTRITION GMBH, LP HOLDING CORP., LN HOLDING CORP., MK 2014 IRREVOCABLE TRUST AND IR HOLDING AG (together with the OMAR RELEASEES, the "RELEASEES"), and the RELEASEES' affiliates, heirs, executors, administrators, officers, directors, employees, representatives, successors and assigns (collectively "AFFILIATES") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which against the RELEASEES, or any of them, or any of their respective AFFILIATES, the RELEASOR or the RELEASOR'S legal representatives ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this GENERAL RELEASE.

The transmittal of this GENERAL RELEASE via facsimile or other electronic image (e.g. PDF) shall be deemed an original signature.

This GENERAL RELEASE may not be changed orally.

This GENERAL RELEASE has been executed freely, knowingly and voluntarily by the RELEASOR without duress, coercion, or undue influence, with a full understanding of its terms. The RELEASOR acknowledges and agrees that, prior to executing this GENERAL RELEASE, he has been provided with sufficient time in which to consider this GENERAL RELEASE and that, in deciding to execute this GENERAL RELEASE, he has relied on his own judgment and further acknowledges that he is fully aware of its contents and of its legal effects.

BY SIGNING THIS GENERAL RELEASE, THE RELEASOR STATES THAT: HE HAS READ IT; HE UNDERSTANDS IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS; HE AGREES WITH EVERYTHING IN IT; HE WAS TOLD, IN WRITING, TO CONSULT AN ATTORNEY BEFORE SIGNING IT; AND HE HAS SIGNED IT KNOWINGLY AND VOLUNTARILY.

[Remainder of page intentionally left blank. Signature page follows.]

IN WITNESS WHEREOF, the RELEASOR hereunto set his hand this 26th day of June, 2018.

_____
Sami Omar

STATE OF Nevada , COUNTY OF Clark , ss:

On the 26 day of June in the year 2018, before me, the undersigned, personally appeared Sami Omar, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

JUANITA MASSA
Notary Public, State of Nevada
Appointment No 09-10470-1
My Appt Expires Jul 7, 2021

6633577.4

# EXHIBIT 3

WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP

*Philip J. Campisi, Jr.*
*Ext. 406*
*Email: pcampisi@westermanllp.com*

June 5, 2019

**By FedEx**
Sami Omar
3140 Saint Rose Parkway
Unit 1233
Henderson, Nevada 89052

Re: ***Notice of Default and Acceleration, and Demand for Payment***

Dear Mr. Omar:

This firm represents Omar Holding Corp. ("Omar Holding"). Reference is made to that certain Note, dated July 29, 2015, made and executed by you, and payable to Omar Holding in the amount of $9,141,515.43 (the "Note"). A copy of the Note is attached.

At present time, certain events of default have occurred and exist under the Note, including, without limitation, your failure to make monthly payments as set forth in and required by the Note since December 2017. As a result, Omar Holding has the right to, among other things, accelerate the full amount due and owing under the Note and demand that you make full payment.

**Notice is hereby given** that, for the reason set forth above, Omar Holding hereby accelerates the full amount due under the Note, and all amounts owing are immediately due and payable, which total $9,063,437.24 (comprised of $8,479,025.08 in principal, $580,214.86 in interest, at the rate of 4.95% and $4,197.30 in late fees of 5% at $246.90 for 17 months) (the "Amount Due"). From the date of this letter until the Maturity Date, interest on the principal amount outstanding at the default rate of twenty-four (24%) will apply until the loan is paid in full.

**Demand is hereby made** for payment in full of the Amount Due. If payment (in cashier's check, certified check, or wire transfer) of the Amount Due is not received by Omar Holding by June 13, 2019, Omar Holding will take such further actions and exercise such rights and remedies under the Note and applicable law to protect its rights and interests as it deems appropriate, in its sole discretion. Such actions may be taken without further notice to you, and all costs and expenses incurred by Omar Holding in connection therewith are payable by you, as provided for in the Note. If any partial payments of the Amount Due are received by Omar Holding, such payments shall be accepted without prejudice to Omar Holding's rights and remedies.

Please be advised that Omar Holding specifically reserves all of its rights and remedies available as a result of your default, pursuant to the terms of the Note, applicable law, or otherwise, none of which shall be deemed to be waived or modified in any way. The sending of this Notice to you should not be construed to limit Omar Holding's right to act without any further notice to you in accordance with the terms of the Note or applicable law. You are not entitled to rely upon any verbal statements made or purported to have been made by or on behalf of Omar Holding in connection with any alleged agreement by Omar Holding to refrain from exercising any of its rights and remedies under the Note and/or applicable law.

Please be guided accordingly.

Respectfully submitted,

Philip J. Campisi, Jr.

**NOTE**

$9,141,515.43                                        East Meadow, New York
                                                     July 29, 2015

**FOR VALUE RECEIVED**, the undersigned, **SAMI OMAR**, having an office at 2747 Paradise Road, Unit 3103, Las Vegas, NV 89109 (the "**Maker**") hereby promises to pay to the order of **OMAR HOLDING CORP.** or to its successors or assigns (the "**Payee**"), at 1600 Westchester Avenue, Bronx, New York or at such other place as Payee may designate to Maker from time to time in writing, the principal amount of **NINE MILLION ONE HUNDRED FORTY ONE THOUSAND FIVE HUNDRED FIFTEEN AND 43/100 ($9,141,515.43) DOLLARS** (the "**Principal Amount**"), in legal tender of the United States, on August 1, 2035 (the "**Maturity Date**"), together with all accrued and unpaid interest thereon.

1.       This Note shall bear interest at the rate of four and ninety-five hundredths (**4.95%**) **percent per annum** (the "**Interest Rate**"). Commencing on September 1, 2015, and monthly thereafter on the first (1st) day of each month to and including the Maturity Date, Maker shall make constant monthly payments in the sum of $60,077.74, to be applied first to the payment of interest at the Interest Rate (interest hereunder shall be calculated and applied based upon a 360-day year for the actual number of days elapsed) and the balance in reduction of principal (based upon a twenty (20) year amortization schedule). The outstanding balance of the Principal Amount remaining unpaid shall become due and payable with any accrued interest on the Maturity Date.

2.       Time is of the essence as to all payment dates set forth herein. The payments are due on the first (1st) day of each month, provided, however, that whenever any payment is to be made under this Note shall be stated to be due on a Saturday, Sunday, or a public holiday or the equivalent for banks generally under the applicable federal law and if no applicable federal law exists, then the applicable state law (any other day being a "**Business Day**"), such payment may be made on the next succeeding Business Day.

3.       If any monthly payment is not paid on the date on which it is due, Maker shall pay to Payee upon demand, an amount equal to five (5%) percent of such unpaid payment to defray the expense incurred by Payee in handling and processing such delinquent payment and such amount shall be deemed to be secured by the Mortgage (as defined herein).

4.       In the event of (i) any default by Maker in its obligations under this Note and/or any of the documents securing payment of the Principal Amount, (ii) if the Principal Amount is declared immediately due and payable by Payee pursuant to the provisions of this Note, or (iii) if the Principal Amount then remaining unpaid is not paid in full on the Maturity Date, THEN in addition to any late payment charge which may be due under this Note, Maker shall thereafter pay interest on the Principal Amount then outstanding from the date of such declaration or from the Maturity Date, as the case may be, until the date on which the Principal Amount then outstanding is paid in full at a per annum rate equal to twenty-four (24.00%) percent (the

**"Default Rate"**); provided, however, that such rate shall in no event exceed the maximum rate which Maker may by law pay.

5.      This Note is subject to the express condition that at no time shall Maker be obligated or required to pay interest on the Principal Amount due hereunder at a rate which could subject Payee to either civil or criminal liability as a result of being in excess of the maximum interest rate which Maker is permitted by law to contract or agree to pay. If by the terms of this Note Maker is at any time required or obligated to pay interest on the Principal Amount due hereunder at a rate in excess of such maximum rate, the rate of interest under this Note and/or the Mortgage shall be deemed to be immediately reduced to such maximum rate and all previous payments in excess of the maximum rate shall be deemed to have been payments toward the reduction of principal and not to the interest due hereunder.

6.      This Note shall be the joint and several obligation of all makers, sureties, guarantors and endorsers, and shall be binding upon them and their successors and assigns.

7.      No provision in this Note shall require the payment, or permit the collection of, interest in excess of the maximum amount permitted by law. Maker shall not be obligated to pay any interest in excess of such maximum amount. Any interest paid by Maker in excess of the maximum legal rate of interest shall be retained by Payee as additional cash collateral for repayment of the Principal Amount.

8.      In the event the Principal Amount or any part thereof shall be collected at law or in equity, or in bankruptcy, receivership or any other court proceedings (whether at trial or at the appellate level) or in the event this Note shall be placed in the hands of attorneys for collection upon default, Maker shall pay, in addition to other items provided hereunder, all costs of collection or attempting to collect the amount of this Note, including reasonable attorneys' fees and expenses.

9.      All parties to this Note, whether Maker, principal, surety, guarantor or endorser, hereby waive presentment for payment, demand, protest, notice of protest, notice of dishonor and all other notices in connection with this Note.

10.     This Note may not be changed, extended or modified nor may any term or provision hereof be waived, except by an instrument in writing by Maker and Payee.

11.     Payee shall be entitled to assign all or any portion of its interest in this Note and/or the Mortgage at its sole discretion without notice to Maker, provided that Maker shall continue to make payments required hereunder to Payee until it has received notice of change of address for payments as provided herein.

12.     Maker hereby expressly and unconditionally waives, in connection with any suit, action or proceeding brought by Payee on this Note, any and every right it may have to (i) injunctive relief, (ii) a trial by jury, (iii) interpose any counterclaim therein and (iv) have the same consolidated with any other or separate suit, action or proceeding. Nothing herein contained

shall prevent or prohibit Maker from instituting or maintaining a separate action against Payee with respect to any asserted claim.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

13. This Note and the rights and obligations of the parties hereunder shall in all respects be governed by, and construed and enforced in accordance with, the laws of the State of New York (without giving effect to New York's principles of conflicts of law). Maker hereby irrevocably submits to the nonexclusive jurisdiction of any court within New York State sitting in New York County (and any county in New York State where any portion of the Mortgaged Property is situated) over any suit, action or proceeding arising out of or relating to this Note, and Maker hereby agrees and consents that, in addition to any methods of service of process provided for under applicable law, all service of process in any such suit, action or proceeding brought in any such court in New York State having jurisdiction may be made by certified or registered mail, return receipt requested, directed to Maker at the address indicated above, and service so made shall be complete five (5) business days after the same shall have been so mailed.

SAMI OMAR