# EXHIBIT B

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

OMAR HOLDING CORP.,

                              Plaintiff,

   -against-

SAMI OMAR,

                              Defendant.

------------------------------------------------------------------x

19 Civ. 06360 (ER) (KNF)

**ANSWER WITH
DEMAND FOR JURY TRIAL**

       Defendant, SAMI OMAR ("Defendant"), by his undersigned attorneys, Klein Law Group CRE, PLLC, as and for his Answer to the Verified Complaint, dated July 8, 2019 ("Complaint"), alleges as follows:

       1.      Denies the allegations set forth in paragraph 1 of the Complaint.

       2.      Denies the allegations set forth in paragraph 2 of the Complaint.

       3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

       4.      Denies the allegations set forth in paragraph 4 of the Complaint.

       5.      Paragraph 5 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

       6.      Paragraph 6 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 7 of the Complaint, except admits that the allegations contained in paragraph 7 of the Complaint selectively quote the Promissory Note, dated July 29, 2015 (the "Promissory Note"), and respectfully refers the Court to the Promissory Note for a complete and accurate statement of its contents.

8. With respect to the allegations contained in paragraph 8 of the Complaint, Defendant admits that he signed the Promissory Note, denies knowledge and information sufficient to form a belief as to the truth of the allegation that "Omar Holding is the lender under a Note entered into on or about July 29, 2015," and denies the remaining allegations.

9. Denies the allegations contained in paragraph 9 of the Complaint, except admits that the allegations contained in paragraph 9 characterize the Promissory Note, and respectfully refers the Court to the Promissory Note for a complete and accurate statement of its contents.

10. Denies the allegations contained in paragraph 10 of the Complaint, except admits that the allegations contained in paragraph 10 characterize the Promissory Note, and respectfully refers the Court to the Promissory Note for a complete and accurate statement of its contents.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits that the allegations contained in paragraph 11 selectively quote the Promissory Note, and respectfully refers the Court to the Promissory Note for a complete and accurate statement of its contents.

12. Denies the allegations contained in paragraph 12 of the Complaint, except admits that the allegations contained in paragraph 12 characterize and selectively quote the Promissory Note, and respectfully refers the Court to the Promissory Note for a complete and accurate statement of its contents.

13. Denies the allegations contained in paragraph 13 of the Complaint, except admits that the allegations contained in paragraph 13 selectively quote the Promissory Note, and respectfully refers the Court to the Promissory Note for a complete and accurate statement of its contents.

14. Denies the allegations contained in paragraph 14 of the Complaint, except admits that the allegations contained in paragraph 14 characterize the Promissory Note, and respectfully refers the Court to the Promissory Note for a complete and accurate statement of its contents.

15. Denies the allegations contained in paragraph 15 of the Complaint, except admits that the allegations contained in paragraph 15 characterize and selectively quote the Promissory Note, and respectfully refers the Court to the Promissory Note for a complete and accurate statement of its contents.

16. Denies the allegations contained in paragraph 16 of the Complaint, except admits that the allegations contained in paragraph 16 characterize and selectively quote a General Release, dated June 26, 2018, and respectfully refers the Court to the General Release for a complete and accurate statement of its contents.

17. Denies the allegations set forth in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint, except admits that the allegations contained in paragraph 19 characterize a letter, dated June 5, 2019, and respectfully refers the Court to the letter, dated June 5, 2019, for a complete and accurate statement of its contents.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

23. In response to paragraph 23 of the Complaint, Defendant incorporates herein by this reference each and every response he made to the allegations set forth in paragraphs 1 to 22 of the Complaint, as if the same were set forth in full hereat.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE COMPLAINT**
(Failure to State a Claim for Relief)

28. The Complaint fails to state a claim for relief against Defendant upon which relief may be granted. Consequently, the Complaint should be dismissed.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE COMPLAINT**
(Fraud)

29. Plaintiff is a close corporation which is solely controlled by Sharif Omar ("Sharif"), Defendant's brother by ten (10) years.

30. In 2015, in order to finance renovations for the property of, and the purchase by, Plaintiff's affiliated companies, Liptis Pharmaceutical USA and Liptis Holdings (collectively, "Liptis"), Sharif and Defendant applied for mortgage loans on behalf of Plaintiff.

31. In or about July, 2015, Sharif, on behalf of Plaintiff, represented to Defendant that if the proceeds of the mortgage loans were transferred directly to Liptis then the lending banks would require Liptis' existing lenders to subordinate their liens to the new Plaintiff debt, in order to put the lenders in a superior position.

4

32. Sharif, on behalf of Plaintiff, further represented to Defendant that, to address the issue of Liptis' existing lenders requiring that Plaintiff subordinate their liens to the new Plaintiff debt, Defendant would need to be a strawman borrower for the loan transactions between Plaintiff and Liptis, even though Defendant did not receive any of the proceeds of the loans.

33. Sharif, on behalf of Plaintiff, further represented to Defendant that, if Defendant signs the Promissory Note then Plaintiff would not enforce the Promissory Note against Defendant.

34. In fact, these representations were false, Plaintiff knew they were false when he made them, and Defendant relied on these representations when he signed the Promissory Note.

35. Defendant would not have signed the Promissory Note had he known Plaintiff's representations were false.

36. Consequently, the Complaint should be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE COMPLAINT
(Fraud in the Inducement)

37. Defendant repeats, realleges and reiterates each and every allegation contained in paragraphs "24" through "31" above, as if the same were set forth fully hereat.

38. In or about July, 2015, Sharif, on behalf of Plaintiff, in order to induce Defendant into signing the Promissory Note, represented, *inter alia*, to Defendant that: (a) if the proceeds of the mortgage loans were transferred directly to Liptis then the lending banks would require Liptis' existing lenders to subordinate their liens to the new Plaintiff debt, in order to put the lenders in a superior position; (b) Defendant would need to be a strawman borrower for the loan transactions between Plaintiff and Liptis, even though Defendant did not receive any of the proceeds of the loans; and (c) as part of this fraudulent scheme, if Defendant signed the Promissory Note, Plaintiff would not enforce the Promissory Note against Defendant.

5

39. In fact, these representations were false, Plaintiff knew they were false when he made them, they were all made for the purposes of inducing Defendant signing Promissory Note; and Defendant relied on these representations when he signed the Promissory Note.

40. The Promissory Note was induced by fraud based on Plaintiff's representations.

41. Consequently, the Complaint should be dismissed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE COMPLAINT
(Lack of Meeting of the Minds/Mistake)

42. Defendant repeats, realleges and reiterates each and every allegation contained in paragraphs "24" through "36" above, as if the same were set forth fully hereat.

43. Defendant never received any monies from Plaintiff pursuant to the Promissory Note, and the parties never had any intention of enforcing the Promissory Note against Defendant.

44. Liptis received the proceeds from the Promissory Note, and made payments to Plaintiff due under the Promissory Note.

45. The parties never had any intention of enforcing Promissory Note against Defendant, and the Promissory Note was a sham.

46. There did not exist a meeting of the minds between the parties to formulate a binding contract, and consequently, the Complaint should be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE COMPLAINT
(Unconscionability)

47. Defendant repeats, realleges and reiterates each and every allegation contained in paragraphs "24" through "41" above, as if the same were set forth fully hereat.

48. From the time of Sharif's and Defendant's early childhood and throughout their lives together, Defendant felt an unwavering allegiance to, and dependence upon Sharif, trusted

6

Sharif without question, and followed his instructions and advice in all things related to their family and business dealings. Until recent events, Defendant had blind loyalty to Sharif.

49. The Promissory Note was entered into by Plaintiff, a corporation represented by sophisticated counsel and controlled by Sharif, and Defendant, an individual.

50. The terms of the Promissory Note were entirely unfair to Defendant in that, *inter alia*, under the terms of Promissory Note, Defendant would be indebted to Plaintiff in the sum of approximately $9,000,000, without having ever received any funds from Plaintiff.

51. As such, the terms of the Promissory Note are blatantly unfavorable, and would create an undue hardship upon Defendant to unforce it.

52. Consequently, the Promissory Note is unconscionable, and the Complaint should be dismissed.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE TO THE COMPLAINT
(Undue Influence)

53. Defendant repeats, realleges and reiterates each and every allegation contained in paragraphs "24" through "47" above, as if the same were set forth fully hereat.

54. A confidential and fiduciary relationship existed between Plaintiff, Sharif and Defendant.

55. Defendant trusted Plaintiff and Sharif.

56. Plaintiff, a corporation controlled by Sharif, based upon their relationship with Defendant, unduly influenced Defendant, an individual, to enter into the Promissory Note.

57. Plaintiff and Sharif benefited from the Promissory Note and said benefit to Plaintiff and Sharif is entirely unfair to Defendant in that, inter alia, under the terms of Promissory Note, Defendant would be indebted to Plaintiff in the sum of approximately $9,000,000, without having ever received any funds from Plaintiff.

7

58. Consequently, the Complaint should be dismissed

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO THE COMPLAINT**
(Lack of Consideration)

59. Defendant repeats, realleges and reiterates each and every allegation contained in paragraphs "24" through "52" above, as if the same were set forth fully hereat.

60. Defendant never received any monies from Plaintiff pursuant to the Promissory Note, and the parties never had any intention of enforcing the Promissory Note against Defendant.

61. Consequently, the Promissory Note lacks consideration, and the Complaint should be dismissed.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE TO THE COMPLAINT**
(Breach of Fiduciary Duty)

62. Defendant repeats, realleges and reiterates each and every allegation contained in paragraphs "24" through "56" above, as if the same were set forth fully hereat.

63. There is exists a fiduciary relationship between Plaintiff, Sharif and Defendant by virtue of, *inter alia*, the relationship of Sharif and Defendant as brothers, and as co-shareholders in Plaintiff and its affiliated companies such as Liptis.

64. Plaintiff and Sharif breached that fiduciary relationship with Defendant by virtue of, *inter alia*, inducing Defendant to sign the Promissory Note, and misrepresenting to Defendant that they would not enforce the Promissory Note.

65. Plaintiff's and Sharif's actions damaged Defendant.

66. Consequently, the Complaint should be dismissed.

8

**WHEREFORE,** Defendant, SAMI OMAR, demands judgment against Plaintiff, OMAR HOLDING CORP., as follows:

A.  Dismissing the claims for relief set forth in the Complaint, and the Complaint in its entirety; and

B.  Granting to Defendant such other and further relief as the Court deems just, proper and equitable.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant, Sami Omar, demands trial by jury in this action of all issues so triable.

Dated: New York, New York
December 26, 2019

**THE KLEIN LAW GROUP CRE, PLLC**

By: s/Efrem Z. Fischer
Efrem Z. Fischer (EF-3860)
Attorneys for Defendant
275 Madison Avenue, 33rd Floor
New York, New York 10016
(212) 661-9400