UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

SAMI OMAR,

            Plaintiff,

   -against-

SHARIF OMAR, LIPTIS HOLDINGS LLC,
LIPTIS PHARMACEUTICALS USA, INC.,
OMAR HOLDING CORP. and NEW LIFE
HOLDING CORP.,

            Defendants.

-----------------------------------------------------------------x

Case No.: 24-cv-4758 (MMG)

### DECLARATION OF SOLOMON JASKIEL
### IN OPPOSITION TO MOTIONS TO DISMISS

Solomon Jaskiel, hereby declares, under the penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.    I am the attorney for Plaintiff.  I submit this affirmation in opposition to the motion by Defendant Sharif Omar to dismiss this action, *inter alia*, on the grounds that the summons and complaint were not served on him.

2.    The summons and complaint were not served upon him.  His attorney waived the need to serve the papers on him in a stipulation, so ordered by the Court, a copy of which is Document No. 21.  The stipulation states: "IT IS FURTHER AGREED Defendants waive all Jurisdictional Defenses."

3.    I requested that this language be inserted in the Stipulation.  At the time,

the papers had not been served upon Sharif.  A stay was in place, which delayed the need to serve the papers by the deadline imposed by the Federal Rules. The intent of my request was that Plaintiff would not have to serve the papers, which were a mere formality since his attorney had them.

4. A waiver of "all Jurisdictional Defenses" by its plain meaning is a waiver of the need to serve process.  The jurisdiction of the Court over the person is obtained by the service of process.[1]  By waiving jurisdictional defenses, Sharif was agreeing that even the defense that the Court had jurisdiction over his person would not be asserted.  The word "any" makes the meaning of the word "jurisdictional" to be as broad as possible.

5. If the Court disagrees with this interpretation of the stipulation, Sami Omar respectfully requests that he be given an opportunity to serve Sharif now.  The failure to serve would have arisen because of a good faith mistake in the understanding by his counsel of the terms used in the Stipulation.

Dated: July 18, 2025

S/ *Solomon Jaskiel*

SOLOMON JASKIEL

---

[1] "The Law Dictionary", an online dictionary of legal terms found at https://thelawdictionary.org/, defines "Jurisdictional" as "Pertaining or relating to jurisdiction; **conferring jurisdiction** ; showing or disclosing jurisdiction; defining or limiting jurisdiction; essential to jurisdiction." (Emphasis added)  The dictionary defines "Jurisdiction" as "The power and authority constitutionally conferred upon (or constitutionally recognized as existing in) a court or judge to pronounce the sentence of the law, or to award the remedies provided by law,(sic)"

Sharif plainly waived the defense that jurisdiction had not be conferred upon the Court to award remedies against him.

2