UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SAMI OMAR,

                        Plaintiff,

-against-

                                                                24-cv-4758 (MMG)

SHARIF OMAR, LIPTIS HOLDINGS LLC, LIPTIS
PHARMACEUTICALS USA, INC., OMAR HOLDING CORP.,
and NEW LIFE HOLDING CORP.,

                        Defendants.

------------------------------------------------------------------------x

## DECLARATION OF BRENDAN J. DERIGGI

      Brendan J. DeRiggi, Esq., hereby declares the following under penalties of perjury pursuant to 28 U.S.C. §1746:

      1.    I am a partner with the law firm Certilman Balin Adler & Hyman, LLP. I respectfully submit this Declaration based upon my personal knowledge and review of my firm's files.

      2.    I have reviewed the declaration of Sami Omar ("Sami"), which I understand has been submitted in opposition to motions to dismiss the above-captioned action filed by defendants. In his declaration, Sami alleges that he was promised a "reciprocal" release from defendants in connection with stock purchase agreements and a release he signed in my presence. I can attest that these allegations are inaccurate and untrue.

      3.    In June 2018, I traveled to Las Vegas, Nevada where I understood Sami resided at the time. During this trip, I rented a conference room in the hotel I was staying and I met with Sami. I presented him with the stock purchase agreement relating to his stock interest in New Life Holding Corp., dated June 26, 2018, and a stock transfer agreement relating to his ownership

interest in Omar Holding Corp, dated June 26, 2018. I also presented him with a release, also dated June 26, 2018, with Sami designated as releasor in favor of defendants and others. Other attorneys at my firm had drafted all of these stock transfer and release documents but had reviewed them prior to my meeting with Sami and I was familiar with their terms. Sami reviewed and signed these agreements in my presence and the presence of a licensed Nevada notary public who I had hired for the meeting.

4. I also understand that in support of his allegation that he was promised a reciprocal release from defendants, Sami has presented certain text messages between me and him. While it is true that Sami at one point asked if he would be getting a release back from the defendants, this was on June 19, 2018. On June 22, 2018, I sent Sami a text suggesting that he speak to his brother Sharif Omar ("Sharif") concerning the issue to make sure they were on the same page. As Sami's opposition memorandum of law states on page 7, Sami did in fact call Sharif in the rented conference room in my presence. I was able to hear this conversation and also spoke with both Sharif and Sami after that phone call. During that telephone call, Sharif clearly indicated that Sami would not be receiving a release, as it was Sharif's position that Sami had embezzled substantial funds from the companies, the extent to which was at that point unknown to Sharif.

5. Sami clearly understood Sharif's position that a release would not be provided in Sami's favor and then signed the subject stock purchase agreements and a release in favor of defendants in my presence.

I declare under the penalties of perjury that the foregoing is true and correct.

Executed on August 28, 2025.

_____
BRENDAN J. DERIGGI